FILE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTERNATIVE CARE SYSTEMS, INC., d/b/a ACCESS NURSING SERVICES,<br><br>Plaintiff,<br><br>v.<br><br>ACCESS NURSES, INC.,<br><br>Defendant. | Civil Action No. 07 CV 10537<br><br>RECEIVED JAN 18 2008 U.S.D.C. S.D.N.Y. CASHIERS |

**AMENDED COMPLAINT FOR TRADEMARK, SERVICE MARK, AND TRADE NAME INFRINGEMENT AND UNFAIR <u>COMPETITION WITH JURY DEMAND</u>**

As and for its Amended Complaint in this action, Plaintiff ALTERNATIVE CARE SYSTEMS, INC., d/b/a/ ACCESS NURSING SERVICES ("ACCESS NURSING"), by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

<u>Nature Of The Action</u>

1. This is a civil action for trademark, service mark, and trade name infringement and unfair competition arising under federal and state statutes and the common law. ACCESS NURSING brings this action against Defendant ACCESS NURSES, INC. ("ACCESS NURSES") because it has recently become aware that Defendant is using the phrase ACCESS NURSES as a part of its name and mark for products and services that compete directly with ACCESS NURSING'S products and

services sold under its name and registered and common law marks in the same geographic markets. ACCESS NURSES' accused name and mark are for all practical purposes identical to the name and marks ACCESS NURSING has long used in the course of its business, and ACCESS NURSES' use of its accused name and mark has caused, and will continue to cause, actual confusion in the marketplace unless enjoined by this Court.

### The Parties

2.  Plaintiff ACCESS NURSING is a New York corporation with a business office at 411 Manville Road, Pleasantville, NY 10570, within this judicial district.

3.  Defendant ACCESS NURSES is a Delaware corporation with an address at 5935 Cornerstone Court West, San Diego, CA 92121. ACCESS NURSES does business in the State of New York and in this District.

### Jurisdiction And Venue

4.  This action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051 *et seq.*, and under the laws of the State of New York and other states, both statutory and common law. Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff ACCESS NURSING and Defendant ACCESS NURSES are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims

because those claims are substantially related to ACCESS NURSING's Federal Trademark Act claim.

5. Defendant ACCESS NURSES is subject to the *in personam* jurisdiction of this Court because it is doing business in this District. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff ACCESS NURSING is being harmed in this District and Defendant is using the infringing ACCESS NURSES mark and name in this District.

### Plaintiff And Its ACCESS NURSING Name And Mark

6. Plaintiff ACCESS NURSING provides and locates health care personnel, including but not limited to Registered Nurses, Licensed Practical Nurses and other aides, to care facilities such as hospitals, nursing homes, home health care, schools, clinics, insurance companies, corporations and many others. ACCESS NURSING provides said services in many states. ACCESS NURSING has used the marks and names ACCESS NURSING, ACCESS NURSING SERVICES, and ACCESS (collectively, "the ACCESS NURSING Name and Marks") continuously since at least as early as 1985 in the course of its business.

7. ACCESS NURSING applied to register its mark ACCESS NURSING SERVICES AND DESIGN with the U.S. Patent and Trademark Office ("PTO") on March 15, 1993. The PTO granted Plaintiff's application and issued Registration No. 2,057,656 on April 29, 1997, for "providing nursing personnel to render health care services to patients, excluding educational, counseling psychological, or consulting services provided to, or related to the professional and personal development of, health

care professionals, in class 42". (Copy of Reg. No. 2,057,656 attached as Exhibit 1.) ACCESS NURSING's Registration No. 2,057,656 was renewed on June 1, 2007, and is currently valid and subsisting on the Principal Register of the PTO in ACCESS NURSING's name. Pursuant to the provisions of 15 U.S.C. § 1065, Reg. No. 2,057,656 has become incontestable and therefore constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of ACCESS NURSING's ownership of the registered mark, and of ACCESS NURSING's exclusive right to use the registered mark in commerce, as provided by 15 U.S.C. § 1115(b).

8.  ACCESS NURSING's business has grown steadily since its inception. ACCESS NURSING currently places health care personnel in health care facilities in many states. Over the years, the health care facilities with whom ACCESS NURSING has placed health care personnel have come to expect superior quality services, and associate these qualities with ACCESS NURSING and the ACCESS NURSING Name and Marks.

9.  ACCESS NURSING has extensively advertised and promoted the ACCESS NURSING Name and Marks throughout the course of its existence, including through its website located at the domain name "www.accessnursing.com".

10.  The ACCESS NURSING Name and Marks are inherently distinctive and have enjoyed and/or acquired secondary meaning long prior to Defendant's adoption and use of the infringing ACCESS NURSES name and mark.

11.  ACCESS NURSING has established extensive and invaluable rights and goodwill in its ACCESS NURSING Name and Marks by virtue of its long use of the ACCESS NURSING Name and Marks, its substantial promotional and marketing efforts,

its substantial advertising and promotional expenditures, its strong sales and revenues, and third-party attention and acclaim generated in the course of its business of providing and locating health care personnel to health care facilities, all in connection with the ACCESS NURSING Name and Marks.

### ACCESS NURSES And Its Wrongful Conduct

12. Defendant ACCESS NURSES asserts that it provides and locates health care personnel to servicing healthcare facilities located in many states, including but not limited to New York and other states where ACCESS NURSING does business and has long used its ACCESS NURSING Name and Marks.

13. Long after ACCESS NURSING began using the ACCESS NURSING Name and Marks, and well after ACCESS NURSING SERVICES was registered in ACCESS NURSING's name on the Principal Register of the U.S. Patent and Trademark Office and had become incontestable pursuant to the provisions of the Federal Trademark Act, Defendant adopted the phrase ACCESS NURSES and/or ACCESS HEALTHCARE (collectively, "Defendant's Infringing Name and Marks") as and/or as part of its name and mark, and has begun to use ACCESS NURSES and/or ACCESS HEALTHCARE in the course of its business in direct competition with Plaintiff.

14. Defendant's infringing use of the ACCESS NURSES and/or ACCESS HEALTHCARE name and mark has caused actual confusion in the market for the parties' products and services. ACCESS NURSING has been advised by health care professionals to whose facilities it provides health care personnel that said health care facilities have been contacted by ACCESS NURSES. Said health care professionals

have been confused into wrongly believing that ACCESS NURSES and ACCESS NURSING were one and the same company offering the same services.

15. On January 20, 2006, Defendant filed application Serial No. 78/795,864 with the U.S. Patent and Trademark Office to register the mark ACCESS NURSES, claiming a first use in commerce in July, 2001. On April 17, 2007, that application matured into U.S. Registration No. 3,229,311.

16. On January 20, 2006, Defendant filed application Serial No. 78/796,027 with the U.S. Patent and Trademark Office to register the mark ACCESS NURSES AND DESIGN, claiming a first use in commerce in July, 2001. On June 26, 2007, that application matured into U.S. Registration No. 3,55,217.

17. On January 18, 2006, Defendant filed application Serial No. 78/793,5050 with the U.S. Patent and Trademark Office to register the mark ACCESS HEALTHCARE, claiming a first use in commerce in March, 2001. On September 18, 2007, that application matured into U.S. Registration No. 3,295,434.

18. All of Defendant's registrations are for "nurse staffing services, namely, hiring, recruiting, placement, staffing and career networking services for traveling and non-traveling services" in Class 35, services which are substantially similar if not identical to Plaintiff's.

19. On information and belief, Defendant did not inform the U.S. Patent and Trademark Office of ACCESS NURSING's prior use and registration of its ACCESS NURSING Name and Marks when Defendant filed and prosecuted its applications for those registrations.

20.     On information and belief, the U.S. Patent and Trademark Office granted Defendant's applications for those registrations without knowledge or consideration of the parties' actual manner and scope of use of their respective names and marks in the real world marketplace, and without knowledge or consideration of the actual confusion that has occurred and will continue to occur as a consequence of Defendant's infringement as alleged herein.

21.     The registration of Defendant's Infringing Name and Marks on the Principal Register of the U.S. Patent and Trademark office has contributed, and will continue to contribute, to consumer confusion and to the harm suffered by Plaintiff as a consequence of Defendant's infringement as alleged herein.

### First Claim For Relief

**Federal Trademark Infringement
Under 15 U.S.C. § 1114**

22.     ACCESS NURSING repeats and realleges every allegation set forth in paragraphs 1 through 21, above.

23.     Defendant ACCESS NURSES's wrongful acts alleged herein by using a name and marks substantially the same as and/or confusingly similar to ACCESS NURSING's incontestably registered mark have already caused and are likely to continue to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or association of ACCESS NURSES and its services and products with Plaintiff ACCESS NURSING, or as to the origin, sponsorship, or approval of Defendant, its services and products, and its commercial activities by or with ACCESS NURSING, and thus constitute infringement under 15 U.S.C. § 1115.

## Second Claim For Relief

### Common Law Infringement
### Under 15 U.S.C. § 1125(a)

24. ACCESS NURSING repeats and realleges every allegation set forth in paragraphs 1 through 23, above.

25. Defendant ACCESS NURSES's wrongful acts as alleged herein have already caused and are likely to continue to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or association of ACCESS NURSES and its services and products with Plaintiff ACCESS NURSING, or as to the origin, sponsorship, or approval of Defendant, its services and products, and its commercial activities by or with ACCESS NURSING, and thus constitute trade and service mark infringement, trade name infringement and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## Third Claim for Relief

### Common Law Trademark Infringement And
### Injury To Business Reputation
### Under New York Law And The Statutes Of Other States

26. ACCESS NURSING repeats and realleges every allegation set forth in paragraph 1 through 25, above.

27. ACCESS NURSES' wrongful actions alleged herein pass off the services of Defendant as those of Plaintiff; cause and are likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods or services; and cause, or are likely to cause, confusion or misunderstanding as to the affiliation, connection, or association with, or certification by,

Defendant's services and products with Plaintiff, in violation of N.Y. Gen. Bus. Law Section 360-o and the statutes of other states. ACCESS NURSES's wrongful actions alleged herein threaten to cause, and have caused, injury to the business reputation of ACCESS NURSING and/or dilution of the distinctive quality of the ACCESS NURSING Name and Marks in violation of N.Y. Gen. Bus. Law Section 360-l and the statutes of other states.

28.   As a direct and proximate result of the wrongful actions, conduct, and practices of ACCESS NURSING alleged herein, ACCESS NURSING has been injured and will continue to be irreparably injured under the laws of New York and of other states unless Defendant is enjoined.

### Fourth Claim For Relief

**Common Law Trade And Service Mark Infringement,
Trade Name Infringement, Unfair Competition,
And Misappropriation Under New York State Law
And the Law of Other States**

29.   ACCESS NURSING repeats and realleges every allegation set forth in Paragraphs 1 through 28, above.

30.   ACCESS NURSES's wrongful actions alleged herein constitute common law trade and service mark infringement, trade name infringement, unfair competition, and misappropriation of ACCESS NURSING's goodwill under New York common law and the common law of other states.

31.   As a direct and proximate result of the wrongful actions, conduct, and practices of ACCESS NURSES alleged herein, ACCESS NURSING has been injured

and will continue to be irreparably injured under the laws of New York and of other states unless Defendant is enjoined.

### Fifth Claim for Relief

**Cancellation of Registrations
Under 15 U.S.C. § 1119
Based On Prior Use And Registration**

32. ACCESS NURSING hereby repeats and realleges each and every allegation set forth in paragraphs 1 through 31, above.

33. As alleged above, ACCESS NURSING began using its ACCESS NURSING Name and Marks, and obtained federal registration for its ACCESS NURSING SERVICES AND DESIGN mark, long prior to any date upon which Defendants can rely for their first use of or application to register the infringing marks.

34. ACCESS NURSING has been, and will continue to be, damaged by the registration of ACCESS NURSES' infringing name and marks on the Principal Register of the United States Patent and Trademark Office as alleged herein.

35. Based on ACCESS NURSING's priority, U.S. Registration Nos. 3,255,217, 3,229,311, and 3,295,434 for the marks ACCESS NURSES, ACCESS NURSES AND DESIGN, and ACCESS HEALTHCARE should be cancelled in their entirety pursuant to Sections 14 and 37 of the Lanham Act, 15 U.S.C. §§ 1064, 1119.

## Prayer For Relief

WHEREFORE, ACCESS NURSING requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.  A preliminary and permanent injunction enjoining ACCESS NURSES and its officers, directors, shareholders, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from using any mark or name comprised of or containing ACCESS, ACCESS NURSES, and/or ACCESS HEALTHCARE, or any other confusingly similar mark or name, in any manner in connection with, among other things, placing healthcare service providers in entities having the need for such personnel, or any other services that will result in a likelihood of confusion, mistake, or misassociation with ACCESS NURSING or the ACCESS NURSING Name and Marks.

B.  An order requiring ACCESS NURSES to destroy and/or immediately retract all materials comprised of or containing the marks or names ACCESS NURSES, INC., ACCESS NURSES, ACCESS HEALTHCARE, and/or ACCESS.

C.  An order directing Defendant to transfer to ACCESS NURSING the domain name "accessnurses.com", and any other domain names owned or controlled by ACCESS NURSES that contain ACCESS or any variation thereof.

D.  An order directing Defendant to immediately remove and de-list the "accessnurses.com" website and domain name from any search engines or directories in which it appears.

E.   An order requiring ACCESS NURSES to disseminate corrective advertising and to issue press releases to address the actual and likely confusion that it has caused by its wrongful use of ACCESS NURSES, INC., ACCESS NURSES, ACCESS HEALTHCARE, and/or ACCESS.

F.   An Order certified by this Court directing the Director of the U.S. Patent and Trademark Office to cancel U.S. Registration Nos. 3,255,217, 3,229,311, and 3,295,434 for the marks ACCESS NURSES, ACCESS NURSES AND DESIGN, and ACCESS HEALTHCARE, in accordance with Sections 14 and 37 of the Lanham Act, 15 U.S.C. §§ 1064, 1119.

G.   An order requiring ACCESS NURSES to account for and pay to ACCESS NURSING all profits arising from ACCESS NURSES' unlawful acts, such profits to be increased pursuant to 15 U.S.C. § 1117 and other applicable laws.

H.   An order requiring ACCESS NURSES to pay ACCESS NURSING damages, in an amount to be determined, resulting from ACCESS NURSES' unlawful acts, such damages to be trebled pursuant to 15 U.S.C. § 1117 and other applicable laws.

I.   An order requiring ACCESS NURSES to pay ACCESS NURSING's costs and attorneys' fees in this action, pursuant to 15 U.S.C. § 1117 and other applicable laws.

J.   Such other and further relief as the Court may deem appropriate.

## Jury Demand

Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: January __, 2008

Respectfully submitted,

BRYAN CAVE LLP

Of Counsel:

Griffith B. Price, Jr. (GP 0560)
Scott R. Mosko
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

By: _____
  Daniel P. Waxman (DW 0599)
  Noah M. Weissman
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

*Attorneys for Plaintiff*

## Jury Demand

Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: January 19, 2008                                Respectfully submitted,

                                                       BRYAN CAVE LLP

                                                       By: /s/ _____
Of Counsel:                                            Daniel P. Waxman (DW 0599)
                                                       Noah M. Weissman (NW 8592)
Griffith B. Price, Jr. (GP 0560)                       1290 Avenue of the Americas
Scott R. Mosko                                         New York, New York 10104
FINNEGAN, HENDERSON, FARABOW,                          (212) 541-2000
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.                              *Attorneys for Plaintiff*
Washington, D.C. 20001-4413
(202) 408-4000

1521114-1                           13

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                   : ss.:
COUNTY OF NEW YORK )

JENNIFER L. POMPER, being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in Selden, New York.

That on the 18th day of January 2008 deponent served by mail the within **AMENDED ANSWER** upon:

> Michelle Hon
> Duane Morris LLP
> 101 West Broadway, Suite 900
> San Diego, CA 92101-8285

the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in postage paid properly addressed wrappers in an official mail box in the exclusive custody of the United States Postal Service located within the State of New York.

JENNIFER L. POMPER

Sworn to before me this
18th day of January 2008

NOTARY PUBLIC

ROGER GARAY
Notary Public, State of New York
No. 01GA6168153
Qualified in Queens County
Commission Expires June 11, 20 11

C0188580212594/1462708.1