**DUANE MORRIS** LLP
By:    Gregory P. Gulia (2562916)
1540 Broadway
New York, NY 10036-4086
Telephone: 212.692.1000
Facsimile: 212.692.1020

And By:  Daniel C. Minteer (prospective *pro hac vice*)
Michelle Hon (prospective *pro hac vice*)
101 West Broadway, Suite 900
San Diego, CA 92101-8285
Telephone: 619.744.2200

Attorneys for Defendant ACCESS NURSES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALTERNATIVE CARE SYSTEMS, INC. d/b/a/ ACCESS NURSING SERVICES, <br><br>        Plaintiffs <br><br>        v. <br><br> ACCESS NURSES, INC., <br><br>        Defendant. | ) CIVIL ACTION NO. 07-CV-10537 (CSH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS WITH JURY DEMAND**

Defendant ACCESS NURSES, INC., hereby submits its Answer to Plaintiff's Complaint

as follows:

## Nature Of The Action

1.      Defendant admits that Plaintiff has styled this action as described. Defendant lacks

sufficient information to respond to the allegations in paragraph 1 of the Complaint regarding

when Plaintiff first became aware of Access Nurses, and, therefore, denies the allegation both

generally and specifically. Defendant denies all other allegations in paragraph 1 of the

Complaint.

## The Parties

2.      Defendant lacks sufficient information to respond to the allegations in paragraph 2 of the

Complaint, and, therefore, denies both generally and specifically each and every allegation

contained therein.

3.      Defendant admits to the allegations in paragraph 3 that it is a Delaware corporation with

an address at 5935 Cornerstone West, San Diego CA 92121 and that it does business in the state

of New York. Unless expressly admitted, all other allegations of paragraph 3 are denied.

## Jurisdiction and Venue

4.      Paragraph 4 states only legal conclusions and thus requires no response from Defendant.

Defendant specifically and generally denies that Plaintiff is entitled to any form of relief against

Defendant under any of the authorities cited in paragraph 4.

5.      Defendant admits that it does business in New York. Defendant denies each and every

remaining allegation in paragraph 5 of the Complaint.

6.      Defendant lacks sufficient information to respond to the allegations in paragraph 6 of the

Complaint, and, therefore, denies both generally and specifically each and every allegation

contained therein.

7.    Defendant lacks sufficient information to respond to the allegations in paragraph 7 of the Complaint, and, therefore, denies both generally and specifically each and every allegation contained therein.

8.    Defendant lacks sufficient information to respond to the allegations in paragraph 8 of the Complaint, and, therefore, denies both generally and specifically each and every allegation contained therein.

9.    Defendant lacks sufficient information to respond to the allegations in paragraph 9 of the Complaint, and, therefore, denies both generally and specifically each and every allegation contained therein.

10.    Defendant denies each and every allegation in paragraph 10 of the Complaint.

11.    Defendant denies each and every allegation in paragraph 11 of the Complaint.

12.    Defendant admits that it provides staffing services for nurses and travel nurses in a multiple states.  Unless expressly admitted, all other allegations of paragraph 3 are denied.

13.    Defendant admits that it uses its trademarks ACCESS NURSES and ACCESS HEALTHCARE.  Defendant denies each and every remaining allegation in paragraph 13 of the Complaint.

14.    Defendant lacks sufficient information to respond to the allegations in paragraph 14 of the Complaint as to whether or not Plaintiff has had communications with healthcare professionals regarding alleged confusion, and, therefore, denies the allegation both generally and specifically.  Defendant denies all remaining allegations in paragraph 14 of the Complaint.

15.    Defendant admits that it filed trademark application Serial No. 78/795,864 which speaks for itself.  Defendant admits to owning U.S. Registration No. 3,229,311 which speaks for itself.

16.    Defendant admits that it filed trademark application Serial No. 78/796,027 which speaks for itself.  Defendant denies owning U.S. Registration No. 3,55,217.  Defendant admits to owning U.S. Registration No. 3,255,217 which speaks for itself.

17.    Defendant admits that it filed trademark applications Serial No. 78/793,550 which speaks for itself, and owns U.S. Registration No. 3,295,434 which speaks for itself.  Defendant denies each and every remaining allegation in paragraph 17 of the Complaint.

18.    Defendant denies each and every allegation in paragraph 18 of the Complaint.

19.    Defendant lacks sufficient information to respond to the allegations in paragraph 19 of the Complaint, and, therefore, denies both generally and specifically each and every allegation contained therein.

20.    Defendant denies that actual confusion has occurred and will continue to incur.  Defendant lacks sufficient information to respond to the remaining allegations in paragraph 20 of the Complaint, and, therefore, denies both generally and specifically each and every allegation contained therein.

21.    Defendant denies each and every allegation in paragraph 21 of the Complaint.

**First Claim for Relief**
**Federal Trademark Infringement**
**Under 15 U.S.C. § 1114**

22.    Defendant incorporates every response to every allegation set forth in paragraphs 1 though 21 above.

23.    Defendant denies each and every allegation in paragraph 23 of the Complaint.

**Second Claim for Relief**
**Common Law Infringement**
**Under 15 U.S.C. § 1125(a)**

24.    Defendant incorporates every response to every allegation set forth in paragraphs 1 though 23 above

25.    Defendant denies each and every allegation in paragraph 25 of the Complaint.

### Third Claim for Relief
### Common Law Trademark Infringement And
### Injury To Business Reputation
### Under New York Law And The Statues Of Other States

26.    Defendant incorporates every response to every allegation set forth in paragraphs 1

though 25 above.

27.    Defendant denies each and every allegation in paragraph 27 of the Complaint.

28.    Defendant denies each and every allegation in paragraph 28 of the Complaint.

### Fourth Claim for Relief
### Common Law Trade And Service Mark Infringement,
### Trade Name Infringement, Unfair Competition,
### And Misappropriate Under New York State Law
### And the Law Of Other States

29.    Defendant incorporates every response to every allegation set forth in paragraphs 1

though 28 above.

30.    Defendant denies each and every allegation in paragraph 30 of the Complaint.

31.    Defendant denies each and every allegation in paragraph 31 of the Complaint.

### Fifth Claim for Relief
### Cancellation of Registrations
### Under 15 U.S.C. § 1119
### Based on Prior Use and Registration

32.    Defendant incorporates every response to every allegation set forth in paragraphs 1

though 31 above.

33.    Defendant denies each and every allegation in paragraph 33 of the Complaint.

34.    Defendant denies each and every allegation in paragraph 34 of the Complaint.

35.    Defendant denies each and every allegation in paragraph 35 of the Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As and for a First Affirmative Defense to the Complaint, Defendant alleges that the Complaint and each and every claim for relief therein fails to state a claim upon which relief can be granted as against Defendant.

## SECOND AFFIRMATIVE DEFENSE

As and for a Second Affirmative Defense to the Complaint, Defendant alleges that some or all of the claims in the Complaint are barred by each and every applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

As and for a Third Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendant alleges that Plaintiff, by its actions and conduct, is barred from recovery against Defendant under the doctrine of laches and acquiescence.

## FOURTH AFFIRMATIVE DEFENSE

As and for a Fourth Affirmative Defense to the Complaint and each and every claim for relief therein, Defendants allege that Plaintiff is barred from any affirmative recovery by reason of its own unclean hands.

## FIFTH FOURTH AFFIRMATIVE DEFENSE

As and for a Fifth Affirmative Defense to the Complaint and each and every claim for relief therein, Defendant alleges that Plaintiff is barred from any affirmative recovery because Defendant's accused activities are not likely to cause confusion with any of Plaintiff's alleged trademark rights.

## SIXTH AFFIRMATIVE DEFENSE

As and for a Sixth Affirmative Defense to the Complaint and each and every claim for relief therein, Defendant alleges that Plaintiff is barred from any affirmative recovery because Defendant has acted in good faith at all times with respect to the allegations in Plaintiff's Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

As and for a Seventh Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendant alleges that Plaintiff has no trademark rights to the terms "ACCESS NURSING," "ACCESS" or "ACCESS NURSING SERVICES."

## EIGHTH AFFIRMATIVE DEFENSE

As and for an Eighth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendant alleges that some or all of the claims for damages in the Complaint are barred because Plaintiff did not sustain any injury or damages as a result of any act or conduct by Defendant and the damages alleged, if any, are not ascertainable in their nature and origin and/or are speculative in their nature and origin.

## NINTH AFFIRMATIVE DEFENSE

As and for a Nine Affirmative Defense to the Complaint, Defendant alleges that some or all of the claims for damages under New York law and/or New York common law in the Complaint are barred as being preempted by federal trademark law.

## TENTH AFFIRMATIVE DEFENSE

As and for a Tenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendant alleges that its conduct was fully justified and supported by good cause.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for an Eleventh Affirmative Defense to the Complaint, Defendant alleges that Plaintiff's claim for relief to recover under one or more causes of action is barred because Defendant's business practices were not "unfair."

## TWELFTH AFFIRMATIVE DEFENSE

As and for a Twelfth Affirmative Defense to the Complaint, Defendant alleges that Plaintiff's claim for relief to recover under one or more causes of action is barred because Defendant's business practices were not likely to mislead.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for a Thirteenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendant alleges that Defendant's discovery and investigation in this matter is ongoing.  Accordingly, Defendant expressly reserves the right to modify or supplement its affirmative defenses as appropriate.  Defendant's assertion of any affirmative defense shall not be construed as a concession as to whether or not it bears the burden of proof on any particular issue.

## COUNTERCLAIM

Defendant/Counterclaim Plaintiff Access Nurses, Inc. ("Access Nurses") brings the following Counterclaim against Plaintiff/Counterclaim Defendant Alternative Care Systems, Inc. d/b/a Access Nursing Services ("ACS") and hereby avers as follows:

## JURISDICTION AND VENUE

1.      The Counterclaim arises under the Declaratory Judgments Act, Title 28 of the United States Code §§ 2201 and 2202, and Title 28 of the United States Code § 1338 based upon an actual justiciable controversy as to the infringement, validity, and enforceability of the ACS' alleged trademarks and prior use of said alleged trademarks in the field of staffing services for travel nurses.

2.      Venue in this judicial district is proper under Title 28 of the United States Code §§ 1391 and 1400.

## THE PARTIES

3.      Access Nurses, Inc. is a Delaware corporation with a principle place of business at 5935 Cornerstone Court West, San Diego, CA 92121.

4.      Alternative Care Systems, Inc. d/b/a Access Nursing Services, is believed to be a New York corporation with a principle place of business at 411 Manville Road, Pleasantville, NY 10570.

## CAUSE OF ACTION

### First Counterclaim
### (Declaratory Relief)

5.    ACS alleges that it has trademark rights to the terms "ACCESS" and "ACCESS NURSING" and "ACCESS NURSING SERVICES."

6.    ACS has no federal trademark registration for the terms "ACCESS" and "ACCESS NURSING" or "ACCESS NURSING SERVICES."

7.    ACS' federal registration (Reg. No. 2,057,656) is limited to the ACS logo. The term "NURSING SERVICES" has been disclaimed by ACS as not being subject to trademark protection. Thus, ACS' rights are limited its logo and subject to the disclaimer.

8.    Upon information and belief, ACS did not offer any travel nursing services prior to April of 2007.

9.    Staffing services for travel nurses is a highly specialized niche market. As such, it is not in the natural area of expansion of ACS or other companies offering general nursing services.

10.    Access Nurses has numerous federal trademark registrations for its staffing services for travel nurses, including U.S. Registration Nos. 3,229,311 and 3,255,217 for ACCESS NURSES and ACCESS NURSES AND DESIGN respectively.

11.    Access Nurses has offered staffing services for traveling nurses under its ACCESS NURSES trademarks since at least as early as July 2001, which is long before ACS attempted to use any marks containing ACCESS for traveling nurse services.

12.    An actual controversy has arisen and now exists between ACS and Access Nurses concerning ACS's rights in the terms "ACCESS" and "ACCESS NURSING" and "ACCESS NURSING SERVICES."

13.     Access Nurses requests a judicial determination of its rights and duties and a declaration that ACS has no trademark rights to the terms "ACCESS," "ACCESS NURSING" or "ACCESS NURSING SERVICES."

14.     A judicial declaration is necessary and appropriate at this time under the circumstances so that Access Nurses may ascertain its rights and prevent any damages caused by ACS' use of its marks in the field of staffing services for travel nurses.

**WHEREFORE**, for all the foregoing reasons, Counterclaim Plaintiff Access Nurses demands judgment as follows:

1.     Dismissing the Complaint in its entirety with prejudice;

2.     A declaration that ACS has no trademark rights to the terms "ACCESS" "ACCESS NURSING" or "ACCESS NURSING SERVICES;"

3.     Awarding the Counterclaim Plaintiff Access Nurses its costs and disbursements of this action;

4.     Awarding Counterclaim Plaintiff Access Nurses its attorneys' fees; and

5.     Granting the Counterclaim Plaintiff Access Nurses such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DUANE MORRIS LLP

Dated:    February 7, 2008        By: _____

Gregory P. Gulia
540 Broadway
New York, New York  10168
(212) 692-1000
and
Daniel C. Minteer
Michelle A. Hon
101 West Broadway, Suite 900
San Diego, CA 92101
(619) 744-2200
    Attorneys for Defendant/Counterclaim Plaintiff
    Access Nurses, Inc..

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiff hereby demands a jury trial on all issues triable by jury.

DUANE MORRIS LLP

Dated:  February 7, 2008

By: _____
        Gregory P. Gulia

        1540 Broadway
        New York, NY 10036-4086
        (212) 692-1027
        and
        Daniel C. Minteer
        Michelle A. Hon
        101 West Broadway, Suite 900
        San Diego, CA 92101
        (619) 744-2200

        Attorneys for Defendant/Counterclaim
        Plaintiff ACCESS NURSES, INC.

DM1\1282544.1

*Alternative Care Systems, Inc. v. Access Nurses, Inc.*
U.S. District Court, Case No. 07-CV-10537-CSH

## DECLARATION OF SERVICE

I am a resident of the State of New York, I am over the age of 18 years, and I am not a

party to this lawsuit.  On the date listed below, I caused the following document(s) to be served

on Plaintiffs' counsel as described below:

### DEFENDANTS' ANSWER AND COUNTERCLAIM WITH JURY DEMAND

☑    via electronic means through ECF;

☑    by placing the document(s) listed above in a sealed envelope to the person at the address
set forth below with first class postage thereon fully prepaid and deposited said envelope
with the United States Postal Service on the same date set out below.

Daniel Philip Waxman, Esq.
Bryan Cave LLP (NY)
1290 Avenue of the Americas
New York, NY 10104
(212) 541-2040
Fax:  (212) 541-1339
Email:  dpwaxman@bryancave.com

I declare under penalty of perjury under the laws of the State of New York that the above

is true and correct.

Executed February 7, 2008, at New York, NY.

LaKeisha Hemingway