```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALTERNATIVE CARE SYSTEMS, INC. d/b/a/   :
ACCESS NURSING SERVICES,                :
                                        :
                        Plaintiff,      :    07 Civ. 10537 (GEL)
                                        :
        -against-                       :    **ORDER**
                                        :
ACCESS NURSES, INC.,                    :
                                        :
                        Defendants.     :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Through several letters dated January 30, 2009, the parties to this trademark infringement action have submitted several discovery disputes for resolution by the Court. As this Order resolves all of the issues plaintiff has raised regarding defendant's document production, there is no need for a conference to discuss plaintiff's intention to file a motion to compel at this time.

Contracts

      Plaintiff seeks copies of defendant's contracts with hospitals and healthcare providers, asserting that these documents are relevant to determining the overlap between the parties' customers and services. Plaintiff, however, argues that it should not be required to produce its own contracts, arguing that defendant has not timely requested such documents. Plaintiff's argument concerning its own production is unavailing. Likewise, defendant's contention that the contracts are irrelevant since it has produced other documents concerning its customers and services is without merit. These contracts are relevant and discoverable and should be produced by both parties. Of course, the parties may be able to minimize the burden and expense of producing all of these document if they can agree upon a more limited production.

Access Nurses's Customer Database

      Plaintiff also seeks a copy of defendant's electronic database detailing defendant's interactions with its customers. Plaintiff asserts that this database should be searched to determine whether it contains information indicating customer confusion. Defendant claims that the database is irrelevant, because it has received no such complaints and accordingly there is no evidence of any customer confusion in the database; defendant, however, acknowledges that this database has not been searched to determine whether any evidence of confusion is to be found there.

      Plaintiff requests production of the entire database in electronic format to enable it to

search the database. Defendant objects to electronic production, claiming that the database contains information protected by federal and California state privacy laws which cannot be redacted from an electronic production. To this end, the parties previously agreed that electronic production would not be required, absent demonstration of a sufficient need for electronic production. Plaintiff has not demonstrated such a need.

Accordingly, the parties are directed to negotiate search terms for the defendant to use to search the electronic database for any relevant evidence of customer confusion. Thereafter, defendant shall produce any relevant results of those searches in paper format, appropriately redacted.

Settlement Agreement Between Defendant and Axis Staffing Healthcare, LLC

Plaintiff seeks a copy of the settlement agreement resolving a trademark infringement action brought by defendant against Axis Staffing Healthcare, LLC ("Axis"). Plaintiff argues that the agreement is relevant because it pertains to the usage and potential restrictions on defendants use of its mark, may contain royalties relevant to damages, and may contain impeachment evidence against defendant in its current claim that "Access Nurses" is dissimilar to "Access Nursing." Defendant, by contrast, asserts that the settlement agreement is irrelevant because it is inadmissible as evidence. However, the settlement agreement is relevant – and accordingly, discoverable – irrespective of whether it would be admissible evidence. Moreover, plaintiff is entitled to the agreement notwithstanding the fact that defendant asserts that the agreement is a "standard agreement" that does not contain any relevant clauses and the Court declines to engage in an in camera review of the agreement to examine that claim.

Defendant further argues that the confidential nature of the settlement counsels against its production. However, defendant has not cited any confidentiality concerns that are beyond the scope of the protective order already in place (Doc. No. 17). Accordingly, defendant is ordered to produce a copy of its settlement agreement with Axis.

Additionally, it is noted that plaintiff has served a third party subpoena on Axis in an effort to obtain this document. In light of the above order that defendant produce the settlement agreement, the Court presumes that this third party subpoena is no longer necessary.

Extension of Fact Discovery

Pursuant to the January 8, 2009 Revised Scheduling Order (Doc. No. 19), fact discovery is currently set to close on February 13, 2009, with expert discovery continuing until May 8. Defendant seeks a three-month extension of fact discovery in order for the parties to complete document production and conduct depositions. Plaintiff desires to abide by the current schedule, however, by its own admission is still in the process of gathering several categories of documents for production which defendant claims are necessary for the depositions.

2

Accordingly, the Court believes an extension is warranted. In an effort to avoid extending any other deadlines at this time, fact discovery shall be extended to April 3, 2009, and the deadline for completion of expert discovery is extended to June 12, 2009. The parties are directed to agree on specific dates for the various phases of expert discovery that will make it possible to complete discovery by June 12, 2009.

Finally, the conference previously scheduled for May 8, 2009, is adjourned to June 19, 2009, at 10:00 a.m.

SO ORDERED.

Dated: New York, New York
       February 3, 2009

                                          _____
                                          GERARD E. LYNCH
                                          United States District Judge